# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 07 2016, 9:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

David A. Brooks
Brooks Law Office, P.C.
Valparaiso, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Heather Renee Czahor, | April 7, 2016 |
| *Appellant-Respondent,* | Court of Appeals Case No. 66A04-1508-DR-1174 |
| v. | Appeal from the Pulaski Circuit Court |
| Eric Anthony Czahor, | The Honorable Robert B. Mrzlack, Special Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 66C01-1110-DR-58 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Eric Anthony Czahor ("Father") and Heather Renee Czahor ("Mother") agreed to share custody of their three children and alternate parenting time on a weekly basis. But when Mother's boyfriend strangled her, Father sought to modify custody and parenting time. The parties, however, reached an agreement that Mother's boyfriend could not have any contact with the children, and the trial court entered an order to that effect. Soon thereafter, Mother sought to remove the restriction so that her boyfriend could be in the presence of her children.

[2] To the extent Mother seeks to collaterally attack the imposition of the restriction that her boyfriend cannot have any contact with her children, she agreed to that specific restriction and cannot do so. And to the extent Mother seeks to modify the child-custody order to remove this agreed-upon restriction, the trial court did not commit clear error in determining that it was in the best interests of the children that Mother's boyfriend not have any contact with them while he was on probation for attacking Mother. We therefore affirm the trial court.

# Facts and Procedural History

[3] In 2011 Father filed a petition to dissolve his marriage to Mother. Father and Mother ultimately reached an agreement to share custody of their three minor

children and to alternate parenting time on a weekly basis.[1] Appellant's App. p. 3, 21. The trial court approved the parties' agreement and dissolved their marriage in February 2013.

[4] Mother began dating Dale Nester shortly after she and Father separated, and she later moved in with Nester. During Mother's weeks, the children stayed with Mother and Nester. In October 2014, Nester, who was drunk, and Mother got into an argument at Nester's auto shop. Nester choked Mother until she passed out. Mother thought she was going to die. Jeremy Rehn was present during the incident and had to pull Nester off of Mother. Nester then left the shop. Mother talked to Nester on the phone, and he said that he was going to kill them all. Nester went to Rehn's house, where he fired two shots into Rehn's garage.

[5] The State charged Nester with Level 5 felony intimidation (Rehn), Level 6 felony strangulation (Mother), and Class A misdemeanor domestic battery (Mother). Nester later pled guilty to Level 6 felony intimidation and Class A misdemeanor domestic battery, and the trial court sentenced him to an aggregate term of two-and-a-half years, with six months executed through home detention and two years suspended.

[6] Shortly after the incident, Father filed a motion for emergency change of custody and modification of parenting time because he believed that Mother

---

[1] Neither the parties' agreement nor the dissolution decree are included in the record on appeal.

was "not taking appropriate actions in regards to the physical altercation and shooting" and that "the children would be in danger in her care." Appellant's App. p. 13-14. In January 2015, Mother and Father—each represented by counsel—agreed in writing to modify the existing child-custody order. Specifically, Father agreed to withdraw his motion for change of custody and modification of parenting time, and Mother and Father "agree[d] that Dale Nester shall have no contact with the minor children . . . ." *Id.* at 16 (Agreed Modification). The trial court entered an order to that effect in February 2015. *Id.* at 18 (Agreed Order).

[7] In June 2015—less than five months after Mother and Father agreed to the modification and when Nester started the probation portion of his sentence—Mother filed a motion to modify the agreed order to allow the parties' children "to be in the presence of Dale Nester . . . ." *Id.* at 20. At the hearing, Mother argued that the children were not present during the incident and were not harmed and that Nester had completed anger-management classes. Following the hearing, the trial court denied Mother's motion, finding that it was "in the best interests of the minor children of the parties that Dale Nester have no contact with the minor children while he is serving his sentence for Intimidation and Domestic Battery, and pending further order of the Court." *Id.* at 23. The court said that it could revisit the issue when Nester's probation ended. Tr. p. 73-74.

[8] Mother now appeals.

# Discussion and Decision

[9] Mother appeals the trial court's denial of her motion to modify the agreed order, which provided that Nester could not have any contact with her children. The trial court entered findings of fact and conclusions in its order denying Mother's motion. Pursuant to Indiana Trial Rule 52(A), a reviewing court shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Steele-Giri v. Steele*, No. 45S04-1512-DR-00682 (Ind. Mar. 15, 2016). Where, as here, a trial court enters findings sua sponte, the appellate court reviews issues covered by the findings with a two-tiered standard of review that asks whether the evidence supports the findings, and whether the findings support the judgment. *Id.*

[10] Specifically, Mother argues that the trial court "did not make the requisite findings to support a parenting time restriction in this case." Appellant's Br. p. 14; *see* Ind. Code § 31-17-4-2 ("[T]he court shall not restrict a parent's parenting time rights *unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development*." (emphasis added)).[2] This appears to be a collateral attack on the part of the agreed order that provides "Dale Nester shall have no contact with the . . . minor children."

---

[2] Although Mother agreed that Nester could not have any contact with her children, she does not explain how this restricted her parenting "time." As Mother testified at the hearing, she still had her children every other week, but she did not stay with Nester that week. Instead, she stayed with Nester the week she did not have her children. Tr. p. 31.

Appellant's App. p. 18.  Mother, however, agreed to this restriction.  *See id.* at 16 (written agreement between parties that "Dale Nester shall have no contact with the minor children").  And she did not appeal it.  Instead, less than five months later, Mother sought to remove the restriction because she did not "believe that the children would be harmed or placed in jeopardy of any harm if they were in the presence of Dale Nester as the children have never been harmed by him."  *Id.* at 20.

[11]  In other words, Mother changed her mind about Nester being in the presence of her children and sought to modify the child-custody order.  Such modifications are governed by Indiana Code section 31-17-2-1:

> The court may not modify a child custody order unless:
>
> > (1) the modification is in the best interests of the child; and
> >
> > (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.

[12]  Ind. Code § 31-17-2-21(a).  The party seeking to modify custody bears the burden of demonstrating that the existing custody should be altered.  *Steele-Giri*, No. 45S04-1512-DR-682.

[13]  Here, the trial court determined that it was in the best interests of the children that "Nester have no contact with the minor children while he is serving his sentence for Intimidation and Domestic Battery, and pending further order of

the Court." Appellant's App. p. 23. The court reasoned that Nester victimized Mother and her children, who, before the incident, were living with Mother and Nester every other week. *Id.* at 22-23. The record supports this. That is, an intoxicated Nester strangled Mother, who passed out. Mother thought she was going to die. Rehn had to pull Nester off of Mother. Nester then threatened to kill all of them and fired shots into Rehn's garage. Therefore, even assuming that Mother could have established a substantial change in circumstances, *see* I.C. § 31-17-2-21(a), Mother has failed to persuade us that the trial court's best-interests determination is clearly erroneous.

[14] Affirmed.

Crone, J., concurs.

Bailey, J., concurs in result with separate opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Heather Renee Czahor, | April 7, 2016 |
| *Appellant-Respondent,* | Court of Appeals Case No. 66A04-1508-DR-1174 |
| v. | Appeal from the Pulaski Circuit Court |
| Eric Anthony Czahor, | The Honorable Robert B. Mrzlack, Special Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 66C01-1110-DR-58 |

**Bailey, Judge, concurring in result**

[15]     Restriction of parenting time is governed by Indiana Code Section 31-17-4-2, which provides:

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child.  However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development.

[16]     Mother complains that no specific finding of endangerment has been made, although her time with the children is subject to a restriction excluding her batterer.  I do not see Mother's challenge as a collateral attack upon the custody order.  Mother simply ignores the procedural posture of this case and wishes to proceed as if the trial court's order on appeal was an original restrictive

parenting time order. However, the parenting time restriction was already in place at the parent's behest, and Mother fails to acknowledge her burden of proof in seeking modification.

[17] In all parenting time controversies, courts are required to give foremost consideration to the best interests of the child or children involved. *J.M. v. N.M.*, 844 N.E.2d 590, 599 (Ind. Ct. App. 2006), *trans. denied*. Mother, whose partner was still serving a criminal sentence for an attack upon her, failed to persuade the trial court that a parenting time modification would be in the best interests of the children. Specifically, the trial court concluded:

> It is in the best interests of the minor children of the parties that Dale Nester have no contact with the minor children while he is serving his sentence for Intimidation and Domestic Battery, and pending further order of the Court.

(App. at 23.)

[18] We reverse a trial court's determination of a parenting time issue only when the trial court has manifestly abused its discretion; no abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination. *J.M.*, 844 N.E.2d at 599. The evidentiary record amply supports the trial court's decision. Thus, I concur in the result reached by the majority.